# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| IN RE:<br>MATTHEW WILDRED ROBERTS<br>SHELLEY D. ROBERTS,<br><br>　　　　Debtors. | Case No. 18-20906-7-RDB |
| FREEBIRD COMMUNICATIONS, INC.<br>PROFIT SHARING PLAN,<br>FREEBIRD COMMUNICATIONS, INC., AND<br>MICHAEL SCARCELLO,<br><br>　　　　Plaintiffs/Appellants,<br><br>　　　　v.<br><br>MATTHEW WILFRED ROBERTS, AND<br>SHELLEY D. GARZA-ROBERTS,<br><br>　　　　Defendants/Appellees. | Adv. Proc. No. 18-6063<br><br>Civil No. 19-CV-2204-JAR |

## MEMORANDUM AND ORDER

Creditors Freebird Communications, Inc. Profit Sharing Plan, Freebird Communications, Inc., and Michael Scarcello (collectively, "Appellants") appeal the order of the bankruptcy court dismissing their Second Amended Adversary Complaint with prejudice. Debtors Matthew Roberts and Shelly Garza-Roberts (collectively, "Debtors" or "Appellees") have filed a brief in response, and Appellants replied. Having reviewed the record and the applicable law, the Court **reverses** the bankruptcy court's order and **remands** it for further proceedings consistent with this opinion.[1]

---

[1] After examining the briefs and record on appeal, the Court has determined that oral argument would not significantly assist in the determination of this appeal. *See* Fed. R. Bankr. P. 8019. The case is therefore determined without oral argument.

## I.     Appellate Jurisdiction

The parties have elected to have their appeal heard by this Court instead of the Bankruptcy Appellate Panel.[2] Appellants timely filed their appeal, and the bankruptcy court's order is final within the meaning of 28 U.S.C. § 158(a)(1).[3]

## II.    Standard of Review

In reviewing a bankruptcy court's decision, this Court functions as an appellate court and is authorized to affirm, reverse, modify, or remand the bankruptcy court's ruling.[4] This Court reviews the bankruptcy court's order of dismissal with prejudice pursuant to Fed. R. Civ. P. 41(b) for abuse of discretion.[5] The Tenth Circuit has explained this review as follows:

> Employing Rule 41(b) to dismiss a case without prejudice for failure to comply with Rule 8 of course allows the plaintiff another go at trimming the verbiage; accordingly, a district court may, without abusing its discretion, enter such an order without attention to any particular procedures. Dismissing a case with prejudice, however, is a significantly harsher remedy—the death penalty of pleading punishments—and we have held that, for a district court to exercise soundly its discretion in imposing such a result, it must first consider certain criteria.[6]

Those criteria, first set out in *Ehrenhaus v. Reynolds*[7] and referred to as the *Ehrenhaus* factors, are: "(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in

---

[2] 28 U.S.C. § 158(c)(1).

[3] *See also* Fed. R. Bankr. P. 8001–02.

[4] 28 U.S.C. § 1334(a).

[5] *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1161 (10th Cir. 2007) (citing *Olsen v. Mapes*, 333 F.3d 1199, 1204 (10th Cir. 2003)).

[6] *Id.* at 1162–62 (internal citations omitted).

[7] 965 F.3d 916, 921 (10th Cir. 1992).

advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions."[8]

### III. Background and Procedural History

Appellants and Appellees have been involved in federal litigation at least since January 17, 2018. On that date, Appellants filed suit against Appellees—along with other defendants—in federal court, alleging that Appellees were subject to civil liability for claims sounding in fraud, deception, misappropriation of trade secrets, and breach of fiduciary duties.[9] Appellees subsequently filed for Chapter 7 Bankruptcy.

On August 6, 2018, Appellants filed an adversary complaint, challenging the dischargeability of certain debts owed to them and requesting injunctive relief.[10] The adversary complaint was fifteen paragraphs and approximately seven pages.[11] It "incorporated by reference" the entirety of the 159-paragraph, 68-page federal civil complaint Appellants had filed in the separate—though somewhat related—lawsuit against Appellees in January 2018.[12] Appellees filed a motion to dismiss the adversary complaint on September 21, 2018, arguing that it was deficient for failure to allege subject-matter jurisdiction, proper venue, core proceeding status, and elements of Appellants' legal claims; failure to state facts with particularity to support their claims; and failure to comply with Rule 7007.1 of the Bankruptcy Rules of Procedure.[13] In

---

[8] *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994); *see also Gripe v. City of Enid, Okla.*, 312 F.3d 1184, 1188 (quoting *Ehrenhaus*, 965 F.3d at 921).

[9] *Freebird Commc'ns, Inc. Profit Sharing Plan v. Roberts*, Case. No. 2:18-cv-02026 (D. Kan. 2018).

[10] Doc. 3-2 at 2, 10–16. The Record on Appeal ("ROA") is comprised of one volume, Doc. 3-2, and consists of 385 sequentially paginated pages. For convenience, the Court cites to those documents by "ROA" followed by the page number.

[11] ROA at 10–16.

[12] *See id.* at 13 (incorporating the external complaint by reference); *see also id.* at 17–84 (attached copy of the external complaint).

[13] *Id.* at 87–88.

response, Appellants filed a motion for leave to file an amended adversary complaint, which the bankruptcy court granted.[14]

On November 15, 2018, Appellants filed their First Amended Adversary Complaint, which was approximately 166 paragraphs and 72 pages long.[15] Appellees moved to dismiss Appellant's First Amended Adversary Complaint, arguing primarily that it did not comply with Fed. R. Civ. P. 8—as made applicable by Rule 7008 of the Bankruptcy Rules of Procedure— because it failed to contain a short, plain statement of Appellants' claims and because the allegations were not simple, concise, and direct.[16] Appellees also argued for dismissal on grounds that Appellants failed to state claims upon which relief could be granted.[17] Appellants filed both a response to Appellees' motion[18] and a motion for leave to file another amended adversary complaint.[19]

The bankruptcy court dismissed the First Amended Adversary Complaint for failure to comply with Fed. R. Civ. P. 8.[20] In so doing, the bankruptcy court explained that "[t]he allegations are awash with superfluous detail" and that "[t]he requests for relief . . . conflate civil liability with nondischargeability."[21] The bankruptcy court concluded the First Amended Adversary Complaint was "antithetical to Fed. R. Civ. P. 8(a)(2) . . . and Fed. R. Civ. P. 8(d)."[22] Regarding Appellants' motion for leave to file their Second Amended Complaint, the bankruptcy

---

[14] *Id.* at 93–94.

[15] *Id.* at 95–166.

[16] *Id.* at 169–70; *see also id.* at 171–77.

[17] *See, e.g.*, *id.* at 173.

[18] *Id.* at 267–70.

[19] *Id.* at 178–81.

[20] *Id.* at 280–82.

[21] *Id.* at 282.

[22] *Id.*

4

court determined that Appellants' proposed Second Amended Complaint "suffer[ed] from the same deficiencies as their First Amended [Adversary] Complaint[.]"[23] Accordingly, the bankruptcy court permitted Appellants to "file a second amended complaint, but not the proposed version attached to their motion."[24]

Appellants subsequently filed a "Second Amended Complaint" that differed slightly from the version attached to their motion for leave.[25] The Second Amended Complaint was approximately 213 paragraphs and 77 pages long. Appellees again filed a motion to dismiss, arguing that Appellants failed to comply with Fed. R. Civ. P. 8, 9(b), and 12(b)(6).[26] The bankruptcy court granted Appellee's motion to dismiss with prejudice on grounds that the Second Amended Complaint failed to comply with Fed. R. Civ. P. 8.[27]

In so ruling, the bankruptcy court relied on two of its prior orders in which it identified Appellants' adversary complaints as non-compliant with Fed. R. Civ. P. 8. The bankruptcy court first cited to the order granting Appellees' motion to dismiss Appellants' First Amended Adversary Complaint, in which the court categorized the underlying factual basis for Appellants' complaints as "straightforward," but noted that the pleading as "awash with superfluous detail."[28] The bankruptcy court then cited to its prior order granting Appellants leave to amend their adversary complaint yet again, but cautioning Appellants to make certain changes to the proposed Second Amended Complaint before filing. The bankruptcy court also noted that the proposed Second Amended Complaint "continue[d] to conflate civil liability with exceptions to

---

[23] *Id.* at 279.

[24] *Id.*

[25] *Id.* at 289–365.

[26] *Id.* at 366–67.

[27] *Id.* at 371–74.

[28] *Id.* at 372–73.

discharge."²⁹ When Appellants filed their Second Amended Complaint, they did not heed the cautionary instructions from the bankruptcy court regarding the length and disorganized nature of their prior complaints. The bankruptcy court determined that the issues that plagued Appellants' complaints at every stage of the adversary proceeding continued, notwithstanding its prior orders. Accordingly, the bankruptcy court dismissed the Second Amended Complaint with prejudice.³⁰ Appellants appeal that order.

## IV.    Discussion

At issue in this case is whether the bankruptcy court abused its discretion when it dismissed Appellants' Second Amended Complaint with prejudice for its failure to comply with Fed. R. Civ. P. 8(a). As previously noted, for the bankruptcy court "to exercise soundly its discretion in imposing such a result," it must generally consider "(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that the dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions."³¹ Additionally, "[t]hese factors do not constitute a rigid test; rather, they represent criteria for the district court to consider prior to imposing dismissal as a sanction."³²

The record on appeal contains no indication that the bankruptcy court considered the *Ehrenhaus* factors before dismissing the complaint with prejudice.³³ The three-page order largely quotes the bankruptcy court's prior orders, noting Appellants' failures to comply with the

---

²⁹ *Id.* at 374.

³⁰ *Id.*

³¹ *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1161 (10th Cir. 2007) (citing *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994)).

³² *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992)

³³ At most, the bankruptcy court considered two of these criteria, albeit implicitly: the degree of prejudice to Appellees and interference with the judicial process.

same. The bankruptcy court's failure to consider these factors is not in accordance with the mandate of *Ehrenhaus*; as a result, this Court is unable to engage in a meaningful review of the bankruptcy court's decision or determine whether its decision was within the broad zone of permissible discretionary rulings vested therein.[34]

The Court recognizes the burden placed on Appellees as well as the judicial system by repeated, prolix pleadings such as those filed by Appellants. However, the applicable law is embodied in *Ehrenhaus*, which instructs that courts should not dismiss a case with prejudice unless it has first considered all significant facets of such a decision. This Court therefore reverses the judgment of the bankruptcy court and remands this case for such other and further action as may be just and proper in accordance with this opinion.

**IT IS THEREFORE ORDERED BY THE COURT** that the bankruptcy court's Order Granting Motion to Dismiss Second Amended Complaint is **REVERSED AND REMANDED** for further proceedings consistent with this opinion.

**IT IS SO ORDERED.**

Dated: January 29, 2020

s/ Julie A. Robinson
JULIE A. ROBINSON
CHIEF UNITED STATES DISTRICT JUDGE

---

[34] *Nasious*, 492 F.3d at 1162–63.